## TUFTS & HOBART et als. *v.* THOMAS J. CASEY.

No appeal can be entertained in this Court to revise that which has already obtained the force of the thing adjudged upon a former appeal.

APPEAL from the Fourth District Court of New Orleans, *Price,* J.
*Bonford, Singleton & Clack,* for plaintiffs and appellants. *Benjamin, Bradford & Finney,* for defendants.

MERRICK, C. J. On the 5th of November the syndic filed his provisional tableau of distribution, on which he placed the appellants as mortgage creditors for $18,103 04.

M. Abrams. among others, filed an opposition to the tableau of distribution, claiming to be a creditor by privilege in virtue of an attachment. Having been defeated he appealed to this court, and final judgment was rendered recognizing his privilege for the amount of the proceeds of the property attached, viz, 3,251 85. See 15 An. 258.

Keep, Bard & Co. were parties to the record and had given evidence of their claim on the trial of the oppositions.

On the forwarding of the mandate from this Court, viz, in July 1860, the syndic filed what he calls a "supplemental tableau to the 1st pro- "visional tableau to make the same conform to the decree of the "Supreme Court on the opposition of M. Abrams."

NEW ORLEANS, MAY, 1861.

TUFTS
v.
CARLY.

Abrams complained of this last tableau by way of opposition, because he said it did not conform to the decree of this Court.

Keep, Bard & Co. filed an opposition, on the ground that their mortgage to the real estate was anterior in date to the levy of the attachment upon the movables, and that the syndic had placed to the credit of Abrams the net proceeds of the sales of the furniture seized under the attachment, amounting to $2862 03, whereas, they aver, that inasmuch as the personal effects are insufficient to pay the general privileges affecting the movables, the deficiency, $1764 94 ought first to be deducted from the proceeds, and only the residue, $1097 29, ought to be distributed to said Abrams; instead of which, the fund set apart to Keep, Bard & Co. is made to sustain said deficiency of $1764 94. They pray that the last tableau may be corrected accordingly.

The District Judge amended the tableau by placing the clerk of this Court thereon as creditor for $28 80, the costs, but dismissed the opposition of Keep, Bard & Co., on the ground that they were concluded by the judgment of this Court which had the force of the thing adjudged. They appeal.

Abrams moves to dismiss the appeal.

The supplemental tableau was but an exhibit in more convenient form, of the funds awarded to the different creditors by the decree of this Court. It was nothing more than the result of the arithmetical calculations necessary to carry into effect our decree, and consequently not subject to any opposition except that which should allege a departure from that decree. The opponents do not complain of a want of compliance with our judgment on the part of the syndic, but they seek to go behind the decree itself and obtain a redress which was not granted them by the former judgment.

No appeal can be entertained in this Court to revise that which has already obtained the force of the thing adjudged upon a former appeal. See *Nolte* v. *His Creditors*, 7 N. S. 641.

It is, therefore, ordered, adjudged and decreed by the Court, that the appeal in this case be dismissed, at the costs of the appellants.

VOORHIES, J., absent.